UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPARTAN CAPITAL SECURITIES, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>VICINITY MOTOR CORP,<br><br>    Defendant. | Case No. 23-cv-01180-TSH<br><br>**ORDER RE: MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE**<br><br>Re: Dkt. No. 41 |

## I.   INTRODUCTION

Pending before the Court is Plaintiff Spartan Capital Securities, LLC's Motion for Voluntary Dismissal with Prejudice. ECF No. 41. Defendant Vicinity Motor Corp. filed a Response (ECF No. 42) and Plaintiff filed a Reply (ECF No. 43). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** the motion for the following reasons.[1]

## II.   BACKGROUND

In March 2023, Plaintiff brought this suit in diversity for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment, alleging Defendant improperly issued securities using a competing company in violation of a letter of intent. Compl., ECF No. 1.

On June 13, 2023, this Court granted in part and denied in part Defendant's motion to dismiss. ECF No. 22. The Court denied Defendant's motion to dismiss Plaintiff's breach of contract claim. *Id*. 10. However, the Court dismissed with leave to amend Plaintiff's claims for

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 9, 10.

breach of the implied covenant of good faith and fair dealing and for unjust enrichment. *Id.* at 15, 17. The Court found that, as pled, Plaintiff's breach of implied covenant claim was "duplicative of its breach of contract cause of action[.]" *Id.* at 13. Plaintiff's claim for unjust enrichment likewise could not go forward because Plaintiff failed to allege that the contract was unenforceable or void, and Plaintiff's "claims for breach of [contract] and unjust enrichment [sought] recovery of the exact same thing." *Id.* at 16.

Plaintiff did not file an amended complaint following the Court's order on the motion to dismiss. On June 27, 2023, Defendant filed an answer to Plaintiff's complaint. ECF No. 25. Defendant has not asserted any counterclaims in the action. *Id.*

The parties held a settlement conference on April 8, 2024. ECF No. 40. At the April 8 settlement conference, Plaintiff agreed to voluntarily dismiss the case and offered to stipulate to dismiss the case with prejudice, with the parties to bear their own fees and costs. Decl. of Samantha Millrood ¶ 9, ECF No. 41-1. The parties met and conferred regarding whether they would file a stipulation to dismiss the case, or whether Plaintiff would file a motion for voluntary dismissal. *Id.* ¶¶ 9-10; Motion at 1. Defendant informed Plaintiff it would not sign a stipulation of dismissal. Millrood Decl. ¶¶ 10–11; Ex. A to Motion, ECF No. 41 at 15.

On April 11, 2024, Plaintiff filed the instant motion for voluntary dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Motion at 1. Defendant does not oppose Plaintiff's motion to seek dismissal of its remaining claim for breach of contract. Response at 2, ECF No. 42. However, Defendant opposes Plaintiff's motion to the extent it seeks to bar Defendant from seeking attorney's fees and costs. *Id.*

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 41(a)(2) "vests the district court with discretion to dismiss an action at the plaintiff's instance 'upon such terms and conditions as the court deems proper.' This broad grant of discretion does not contain a preference for one kind of dismissal or another." *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002). *See also Microhits, Inc. v. Deep Dish Prods., Inc.*, 510 F. App'x 611, 612 (9th Cir. 2013) ("When granting a motion for voluntary dismissal, a district court may impose 'terms that [it] considers proper.' Fed.R.Civ.P. 41(a)(2). These terms

may include that the dismissal be with prejudice.").

In considering a motion for dismissal under Rule 41(a)(2), "the Court must make three separate determinations: (1) whether to allow the dismissal at all; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993), *aff'd sub nom. Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766 (9th Cir. 1995); *Fraley v. Facebook, Inc.*, 2012 WL 893152, at *2 (N.D. Cal. Mar. 13, 2012) (citing *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005)).

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "[L]egal prejudice is just that – prejudice to some legal interest, some legal claim, some legal argument. . . . [¶] [T]he expense incurred in defending against a lawsuit does not amount to legal prejudice." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). *See also Burnette*, 828 F. Supp. at 1443 (finding dismissal would not cause detriment where defendants "ha[d] not counterclaimed or otherwise filed for affirmative relief to be sufficiently prejudiced by dismissal of the fifth cause of action.").

## IV.   DISCUSSION

Defendant does not oppose Plaintiff's motion to dismiss with prejudice under Rule 41(a)(2). Response at 2. Thus, the only question remaining is "what terms and conditions, if any, should be imposed" in granting Plaintiff's motion. *See Burnette*, 828 F. Supp. at 1443.

District courts in this circuit have consistently "determined that the payment of fees and costs ordinarily should not be imposed as a condition for voluntary dismissal with prejudice." *Chang v. Pomeroy*, No. 08-cv-0657, 2011 WL 618192, at *1 (E.D. Cal. Feb. 10, 2011). *See, e.g.*, *Gonzalez v. Proctor and Gamble Co.*, No. 06-cv-869 WQH (WMc), 2008 WL 612746, at *3 (S.D. Cal. Mar. 4, 2008) ("An award of costs and attorneys' fees should generally be denied if the voluntary dismissal is granted with prejudice."); *Larsen v. King Arthur Flour Co.*, No. 11-cv-05495-CRB, 2012 WL 2590386, at *1 (N.D. Cal. July 3, 2012) ("Attorneys' fees and costs will not be imposed as a condition for voluntary dismissal with prejudice because there is no risk of

3

future litigation."); *Chavez v. Northland Group*, No. 09-cv-2521-PHX-LOA, 2011 WL 317482, at *4, 9 (D. Ariz. Feb.1, 2011) (granting plaintiff's motion to dismiss with prejudice and denying defendant's request for attorney fees and costs); *Burnette*, 828 F. Supp. at 1444 (declining to award costs and attorney fees where dismissal was with prejudice "because there is no future risk of litigation").

"Given the presumption that an attorney is generally not liable for fees unless that prospect is spelled out, it would be incongruous to conclude from the broad language of Fed. R. Civ. P. 41(a)(2) that an attorney could be sanctioned by authority of this rule alone." *Heckethorn v. Sunan Corp.*, 992 F.2d 240, 242 (9th Cir. 1993). *See also Rodriguez v. Serv. Emps. Int'l*, No. 10-cv-01377 JCS, 2011 WL 4831201, at *3 (N.D. Cal. Oct. 12, 2011) (in the case of a voluntary dismissal with prejudice, federal courts have the authority to impose fees and costs only "under 'exceptional circumstances' or pursuant to Fed. R. Civ. P. 11."), Accordingly, the district court must have an independent basis to impose fees and costs as a condition of dismissal pursuant to Rule 41(a)(2).

Defendant contends California Civil Code § 1717(a) gives it an "absolute right" to recover fees and costs in this action. Response at 1. In a diversity case, the availability of attorneys' fees is governed by state law. *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 827 (9th Cir. 2009); *Kern Oil & Ref. Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1388 (9th Cir. 1986). California law applies to this diversity action. Civil Code Section 1717 governs awards of attorneys' fees and costs in an action on a contract. Cal. Civ. Code § 1717(a); *see also Gilbert v. Master Washer & Stamping Co., Inc.*, 87 Cal. App. 4th 212, 216-17 (2001). Section 1717(a) provides in relevant part:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a). Civil Code Section 1717(b) requires the court to determine "who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to

4

final judgment." *Id.* § 1717(b)(1).  "Except as provided in paragraph (2), the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract.  The court may also determine that there is no party prevailing on the contract for purposes of this section." *Id.*  Civil Code Section 1717(b)(2) provides that "[w]here an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section."

Defendant contends it is entitled to attorney's fees and costs because the Letter of Intent at issue in this litigation provided for an award of attorneys' fees and costs.  Response at 2; Compl. Ex. A sec. 9.  But the California Supreme Court has held that 1717(b)(2) "overrid[es] or nullif[ies] conflicting contractual provisions[.]" *Santisas v. Goodin*, 17 Cal. 4th 599, 617 (1998).  "When a plaintiff files a complaint containing causes of action within the scope of section 1717 (that is, causes of action sounding in contract and based on a contract containing an attorney fee provision), and the plaintiff thereafter voluntarily dismisses the action, section 1717 bars the defendant from recovering attorney fees incurred in defending those causes of action, *even though the contract on its own terms authorizes recovery of those fees.*" *Id.* (emphasis in original). Accordingly, the contract itself does not authorize Defendant to recovery of its attorneys' fees and costs.

Defendant contends it has a right to recover fees and costs pursuant to Section 1717(a) on the ground that it is the "prevailing party" as to Plaintiff's claims for breach of the implied covenant and unjust enrichment, which the Court dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  Response at 3.  Plaintiff contends Section 1717(b)(2) bars Defendant from recovering a fee award.  Motion at 6–7; Reply at 2.

Defendant relies heavily on *CDF Firefighters v. Maldonado*, 200 Cal. App. 4th 158 (2011), to argue that Section 1717(b)(2) does not bar Defendant from recovering fees and costs. Response at 4–5.  *Maldonado* concerned a complaint for breach of contract filed by a labor union against two of its former members.  *Maldonado*, 200 Cal. App. 4th at 160-61.  The complaint in *Maldonado* alleged that the two members had failed to pay two fines the union had levied against them – one for $22,789.96, and the other for $743.30.  *Id.*  After six years of litigation, the trial

1  court found the $22,000 claim was invalid and granted Maldonado judgment on the pleadings as
2  to that claim. *Id.* In response, the plaintiff dismissed its remaining claim for $743. *Id.* Although
3  the trial court had determined that Civil Code Section 1717(b) barred Maldonado from recovering
4  attorneys' fees as the prevailing party, the Court of Appeal reversed and remanded for an award of
5  attorneys' fees as to the $22,000 fine. *Id.*; *id.* at 168.

However, *Maldonado* is distinguishable. When the Court dismissed Plaintiff's claims for breach of the implied covenant and for unjust enrichment, it granted Plaintiff leave to amend. ECF No. 22 at 15, 17. Plaintiff declined to do so, thus abandoning those claims. This is considered a voluntary dismissal, and therefore Defendant did not prevail on those claims within the meaning of Section 1717. *See Baldain v. American Home Mortg. Servicing, Inc.*, No. 09-cv-0941 LKK/GGH, 2010 WL 2606666, *6 (E.D. Cal. June 28, 2010) ("In filing an amended complaint pursuant to that leave, plaintiffs omitted their TILA rescission claim. . . . [T]his was effectively a voluntary dismissal without prejudice. As such, Cal. Civ. Code § 1717 provides that regardless of the other consequences that flowed from this dismissal, Option One is not a prevailing party entitled to fee recovery with respect to this claim."). More generally, "[a] plaintiff's abandonment of its claim prior to trial constitutes a voluntary dismissal for the purposes of Cal. Civ. Code § 1717(b)(2)," and the abandonment need not "take a specific form." *Donnelly v. American Express Bank, FSB*, No. 18-cv-1024 GPC-WVG, 2018 WL 4759206, *4 (S.D. Cal. Oct. 2, 2018). Here, Plaintiff abandoned its claims for breach of the implied covenant and for unjust enrichment when it declined to assert them in an amended complaint, despite the Court granting it leave to do so. That abandonment should be considered a voluntary dismissal.

Accordingly, unlike in *Maldonado*, Defendant did not prevail on any claim in this case. They were all voluntarily dismissed. Therefore, Defendant is not entitled to recover its attorneys' fees under Section 1717, and conditioning dismissal on the payment of those fees would be improper under Rule 41(a)(2).

## V.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's motion. This action is dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2), with the parties to

1   bear their own fees and costs.
2   **IT IS SO ORDERED.**
4   Dated: May 15, 2024

_____
THOMAS S. HIXSON
United States Magistrate Judge